**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERALD ROSARIO RIVIELLO, JR., on behalf of himself and those similarly situated, | CIVIL ACTION NO. 3:11-CV-59 |
| Plaintiffs, | (JUDGE CAPUTO) |
| TOBYHANNA ARMY DEPOT FEDERAL CREDIT UNION and JOHN DOES 1-10 and XYZ CORPORATIONS, | |
| Defendants. | |

**MEMORANDUM**

Defendant Tobyhanna Army Depot Federal Credit Union moves to strike and for partial dismissal of plaintiff Riviello's class allegations. Riviello has filed a purported class-action suit over ATM fees he claims violate the Electronic Funds Transfer Act ("EFTA"). Tobyhanna argues the class claims do not meet the *predominance* and *superiority* requirements of Federal Rule of Civil Procedure 23(b)(3). The Court disagrees and will deny Tobyhanna's motion.

**BACKGROUND**

Riviello alleges there was no external fee notice on an ATM Tobyhanna operated at 880 Schechter Drive, Wilkes Barre, PA in violation of the EFTA, 15 U.S.C. § 1693b(d)(3)(B)(i). Riviello brings this action under Rule 23(b)(3) on behalf of a class of persons defined as:

> [A]ll persons who: 1) were charged a "Terminal Fee" at the above described ATM operated by Defendant where, 2) no clear and conspicuous *external fee notice "on or at" the machine* stated [sic] that indicated that such fee was to be charged.

At ¶ 40 of his complaint, Riviello alleges the following questions of fact and law common to

the class predominate over questions which would affect individual members:

>   (a.) whether, under 15 U.S.C. 1693(d)(3)(A) and 12 C.F.R. 205.16, defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;
>
>   (b.) whether defendant complied with the notice requirements of 15 U.S.C. 1693b(d)(3)(B) and 12 C.F.R. 205.16; and
>
>   (c.) whether plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for defendant's acts and conduct.

After Riviello filed his complaint, Tobyhanna moved to strike the class claims and for partial dismissal. The motion has been fully briefed and is ripe for review.

## LEGAL STANDARDS

### I.     Motion to Strike

Fed. R. Civ. P. 12(f) provides: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

### II.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a

complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Tobyhanna's motion to strike and dismiss Riviello's class claims will be denied. Its arguments regarding the relation between the EFTA's damages provisions and Rule 23(b)(3)'s *predominance* and *superiority* requirements, if accepted, would foreclose class actions under this Act.

The federal government enacted the EFTA as part of the comprehensive Consumer

Credit Protection Act (the "CCPA"), Pub.L. No. 95–630 § 2001, 92 Stat. 3641 (1978) (codified as amended at 15 U.S.C. § 1601 *et seq.*). The EFTA protects individual consumer rights by "provid[ing] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). One of the EFTA's provisions requires that operators of ATMs provide notice of fees charged to consumers for use of the machine. It is this provision, 15 U.S.C. § 1693b(d), under which Riviello's claim is brought. Specifically, 15 U.S.C. § 1693b(d) requires:

> (3) Fee disclosures at automated teller machines
>
> (A) In general
>
> The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of—
>
> (i) the fact that a fee is imposed by such operator for providing the service; and
>
> (ii) the amount of any such fee.
>
> (B) Notice requirements
>
> (i) On the machine
>
> The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.
>
> (ii) On the screen
>
> The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction....
>
> (C) Prohibition on fees not properly disclosed and explicitly assumed by

consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Riviello alleges that Tobyhanna's ATM did not have an external fee notice as required by 1693b(d)(3)(B)(i).

### I.    Fed. R. Civ. P. 23(b)(3)'s 'Superiority' Requirement

Tobyhanna argues the EFTA's damage provisions make an individual, rather than a class, action the superior method for adjudicating this controversy.

EFTA's damage provisions provide, in pertinent part:

Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of--

(1) any actual damage sustained by such consumer as a result of such failure;

(2)(A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (I) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1693m(a).

There are four prerequisites for class certification under Fed. R. Civ. P. 23(a):

5

numerosity, typicality, commonality, and the adequacy of the representation. Additionally, a class action brought under Fed. R. Civ. P. 23(b)(3) may only be maintained if: "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "The superiority requirement asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533-34 (3d Cir.2004) (internal quotations omitted).

A class action under 23(b)(3) is often held the fairest method of adjudication when the tiny amounts at stake for each plaintiff make individual suits uneconomical. *See, e.g., Hanrahan v. Britt*, 174 F.R.D. 356 (E.D. Pa. 1997). "Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class action device." *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 339 (1980).

Tobyhanna claims under the EFTA's damage provisions, the fairest way to adjudicate these claims is through individual rather than class actions. Section 1693m(a) permits individuals to recover statutory damages, costs, and attorney's fees, making single claims feasible. But when a class brings a claim, each member has no minimum recovery and the court determines the amount of statutory damages with a cap on the maximum amount allowable under the statute. *See* 15 U.S.C. § 1693m(a)(2)(A) and (B). Following Tobyhanna's logic, however, no class actions would be allowed under the EFTA since an individual would always be better off on his own than as a class member. This outcome is directly at odds with the plain language of the statute, which expressly provides for class actions.

## II.     Fed. R. Civ. P. 23(b)(3)'s 'Predominance' Requirement

Tobyhanna also argues Riviello's class claims fail 23(b)(3)'s 'predominance' requirement.

To sustain a class action under 23(b)(3), the court must also find "questions of law or fact common to class members predominate over any questions affecting only individual members." Predominance tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (internal citation omitted). Predominance demands far more than the commonality requirement of Rule 23(a), and requires more than a common claim. *Hydrogen Peroxide*, 552 F.3d at 311 (internal citations omitted). Since the nature of the evidence required to resolve an issue determines whether the issue is common or individual, the trial court must in some way predict how specific issues will be determined to be able to tell whether common or individual issues predominate in a particular case. *Id*. (internal citation omitted). "If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." *Id*. (internal citation omitted).

Here, the EFTA has specific requirements for establishing damages in class actions. Under 15 U.S.C. 1693m(b):

> In determining the amount of liability in any action under subsection (a) of this 1693m(b)section [of the EFTA], the court shall consider, among other relevant factors . . . in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, *the number of persons adversely affected*, and the extent to which the noncompliance was intentional.

(emphasis added.)

7

At ¶ 40 of his complaint, Riviello claims three common questions of fact and law predominate over any questions affecting individual class members: (1) whether Tobyhanna operated an ATM that imposed fees on consumers; (2) whether Tobyhanna complied with the EFTA's notice requirements; (3) whether the class members are entitled to statutory damages, costs, and attorney fees for this conduct.  Tobyhanna argues that while the first two are questions common to the class, the third requires individual determinations, per 1693m(b), as to the harm suffered by *each* plaintiff – determinations that would overshadow the common factual and legal issues.  Again, however, accepting this argument would preclude all class actions under the EFTA, contravening the Act's express language.

## CONCLUSION

The Court will deny Tobyhanna's motion to strike and for partial summary judgment because accepting its arguments would result in a general prohibition of class actions under the EFTA.  However, the parties should bear in mind that while it is denying this motion, the Court is not closing the door on revisiting these issues in the context of a motion for class certification.

An appropriate order follows.

 8/5/11                                                                                       /s/ A. Richard Caputo
Date                                                                                            A. Richard Caputo
                                                                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERALD ROSARIO RIVIELLO, JR., on behalf of himself and those similarly situated, | CIVIL ACTION NO. 3:11-CV-59 |
| Plaintiffs, | (JUDGE CAPUTO) |
| TOBYHANNA ARMY DEPOT FEDERAL CREDIT UNION and JOHN DOES 1-10 and XYZ CORPORATIONS, | |
| Defendants. | |

## **ORDER**

**NOW**, this ___5th___ day of August, 2011, **IT IS HEREBY ORDERED** that defendant Tobyhanna's motion to strike and for partial dismissal of plaintiff Riviello's class allegations (Doc. 4) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge